1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   LEONAL MARIN-TORRES,

11                    Petitioner,                     CASE NO. C06-830 RSM-JPD

12            v.                                       ORDER DENYING RESPONDENT'S
                                                       MOTION TO STAY THE WRIT
13   JEFFREY UTTECHT,                                  PENDING APPEAL

14                    Respondent.

15

16        This matter comes before the Court on "Respondent's Motion to Stay the Writ

17   Pending Appeal." (Dkt. #46). On January 17, 2008, this Court adopted the Report and

18   Recommendation of the Honorable United States Magistrate Judge James Donohue ("Judge

19   Donohue"), granting Petitioner's writ of habeas corpus pursuant to 22 U.S.C. § 2254, and

20   directing Respondent to release Petitioner within 30 days from the date of that Order unless

21   the State of Washington commenced proceedings to retry Petitioner. (Dkt. #44). Respondent

22   has since appealed this Court's decision to the United States Court of Appeals for the Ninth

23   Circuit, and now moves the Court to stay the issuance of the writ pending the appeal.

24        Having reviewed Respondent's motion, Petitioner's response, Respondent's reply, and

25   the remainder of the record, the Court hereby finds and orders:

26        (1) "Respondent's Motion to Stay the Writ Pending Appeal" (Dkt. #46) is DENIED.

27   Fed. R. App. P. 23(c) provides:

28        While a decision ordering the release of a prisoner is under review, *the prisoner must -*

ORDER
PAGE - 1

1

2

unless the court or judge rendering the decision, or the court of appeals, or the
Supreme Court, or a judge or justice of either court orders otherwise - be released on
personal recognizance, with or without surety.

3   *Id.* (emphasis added).

4          Fed. R. App. P. 23(d) further provides that "an initial order governing the prisoner's

5   custody or release . . . *continues in effect pending review* unless for special reasons shown[.]"

6   *Id.* (emphasis added).  Rule 23(c) "undoubtedly creates a presumption of release from custody

7   in such cases," and Rule 23(d) "creates a presumption of correctness for the order of a district

8   court entered pursuant to Rule 23(c)."  *Hilton v. Braunskill*, 481 U.S. 770, 774, 107 S.Ct.

9   2113, 95 L.Ed.2d 724 (1987).  However, "[f]ederal habeas corpus practice, as reflected by the

10  decisions of [the Supreme Court], indicates that a court has broad discretion in conditioning a

11  judgment granting habeas relief."  *Id.* at 775.  Therefore the presumptions created by Rules

12  23(c) and (d) can be overcome in certain situations.  *See id.* at 774; *United States v. Igbonwa*,

13  120 F.3d 437, 444 (3d Cir. 1997).

14         Specifically, the Supreme Court has set forth the following four factors in determining

15  whether to stay a habeas petitioner's release pending a State's appeal: (1) whether the stay

16  applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the

17  applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will

18  substantially injure the other parties interested in the proceeding; and (4) where the public

19  interest lies.  *Hilton*, 481 U.S. at 776.  These factors contemplate individualized judgments in

20  each case, and the formula cannot be reduced to a set of rigid rules.  *See id.* at 777.  But

21  "[t]he balance may depend to a large extent upon determination of the State's prospects of

22  success in its appeal."  *Id*. at 778.  Thus, at a minimum, the State must demonstrate "that it

23  has a strong likelihood of success on appeal, or where failing that, it can nonetheless

24  demonstrate a *substantial case on the merits* [and] the second and fourth factors . . . militate

25  against release."  *Id.* (emphasis added); *Natural Resources Defense Council, Inc. v. Winter*,

26  502 F.3d 859, 863 (9th Cir. 2007).  Where the State's showing on the merits falls below this

27  level, the preference for release should control.  *Hilton*, 481 U.S. at 778; *see also Moore v.*

28  *Calderon*, 56 F.3d 39, 40, n.1 (9th Cir. 1995) *rev'd on other grounds by Calderon v. Moore*,

ORDER
PAGE - 2

1    518 U.S. 149 (1996) (noting that the State must demonstrate a substantial case on the merits

2    even when public and State interests weigh against release).

3           Here, Respondent has failed to establish a "strong likelihood of success" on appeal,

4    much less a "substantial case on the merits."  Respondent argues that this Court applied an

5    overly expansive interpretation of *Faretta v. California,* 422 U.S. 806, 95 S.Ct 2525, 45

6    L.Ed.2d 562 (1975), in holding that Petitioner's constitutional right to self-representation was

7    violated.  However, *Faretta* and its progeny - and particularly a recent analogous Ninth

8    Circuit case - clearly establishes that granting Petitioner's writ of habeas corpus in the instant

9    case was justified.  *See Frantz v. Hazey*, __ F.3d __, No. 05-16024, 2008 WL 170323 (9th

10   Cir. Jan. 22, 2008) (*en banc*).

11          In *Frantz*, a defendant waived his right to counsel and chose to represent himself *pro*

12   *se*.  *Id.* at *1.  The trial judge  nevertheless appointed standby counsel for the duration of the

13   trial.  *Id.*  Before the jury returned its verdict, the jury submitted questions regarding the

14   evidence submitted at trial.  *Id.* at *3.  The trial judge addressed the two questions in a

15   chambers conference attended by the prosecutor and defendant's standby counsel, but not the

16   defendant himself.  *Id.*  The Ninth Circuit found that the defendant's absence from the

17   chambers conferences was a clear violation of the defendant's *Faretta* right.[1]  *Id.* at *14.  The

18   Ninth Circuit held "that the conference triggered [defendant's] *Faretta* rights because it

19   resolved the content of the judge's response to the juror's request.  The chance to shape the

20   jury's interpretation of an important tactical decision *is at least as important as the chance to*

21   *make the decision itself*."  *Id.* at *13 (emphasis added).  Furthermore, the Ninth Circuit

22   followed the well-established principle set forth by the Supreme Court that when a *Faretta*

---

24          [1] The *Frantz* court ultimately remanded the case to the district court to hold an evidentiary hearing
25   to determine whether the defendant waived his right to be present at the chambers conference.  The Court
     noted that the record was far from complete because there was no specific evidence concerning the
26   circumstances that gave rise to standby counsel's solo participation in the conferences.  *Frantz*, 2008 WL
     170323, at *15.  Notwithstanding the ultimate disposition of the case, the legal principles from *Frantz* are
27   clearly evident: a defendant's absence from a strategically important phase of the trial is a violation of his
     *Faretta* rights.  *Id.* at *14.

28

ORDER
PAGE - 3

1    right is violated, the error is structural and not susceptible to harmless error review. *Frantz*,

2    2008 WL 170323, at *6.

3           In the instant case, it is undisputed that the trial court precluded Petitioner from

4    participating in the trial. Specifically, Petitioner was not provided with an interpreter when

5    the trial court addressed a jury question despite the fact that he was given an interpreter

6    throughout the trial. The trial court also did not seek Petitioner's views before deciding how

7    to answer the question submitted by the jury. Nevertheless, Respondent argues that the trial

8    court's actions in the instant case only deprived Petitioner of his right to be present, and

9    therefore his claim does not involve a *Faretta* violation, but a due process violation which is

10   subject to a harmless error analysis. (Dkt. #51 at 3).

11          Indeed, it is a maxim of constitutional law and firmly entrenched in the principles of a

12   jury trial that a defendant has a right to be present at every stage of his trial. *See United

13   States v. Gagnon*, 470 U.S. 522, 526, 105 S.Ct. 1482, L.Ed.2d 486 (1985); *Illinois v. Allen*,

14   397 U.S. 337, 338, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); *Rogers v. United States*, 422 U.S.

15   35, 39, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975); Fed. R. Crim. P. 43. And while Respondent is

16   correct in asserting that the right to be present is subject to a harmless error analysis, this right

17   is clearly distinguishable from a *Faretta* right which allows a criminal defendant to represent

18   himself. 422 U.S. at 836. The scope of a defendant's *Faretta* right was further discussed in

19   *McKaskle v. Wiggins*, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984), wherein the

20   Supreme Court held that "[a] defendant's right to self-representation plainly encompasses

21   certain specific rights to be heard. The *pro se* defendant must be allowed to *control the

22   organization and content of his own defense*, to make motions, to argue points of law, to

23   participate in voir dire, to question witnesses, and to address the court and the jury at

24   appropriate points in the trial." *Id.* at 174 (emphasis added).

25          Against *Faretta's* legal landscape, the facts in this case indicate that Petitioner was not

26   only denied his right to be present, but that a clear violation of Petitioner's Sixth Amendment

27   right of self-representation occurred. The "opportunity to strategize and to speak for

28   [oneself] is a *Faretta* right protected by *McKaskle*." *Frantz*, 2008 WL 170323, at *14. It is

ORDER
PAGE - 4

1   worth reiterating that "[t]he chance to shape the jury's interpretation of an important tactical

2   decision *is at least as important as the chance to make the decision itself.*"  *Id.* at *13

3   (emphasis added).  These fundamental rights were never given to Petitioner, thereby violating

4   his *Faretta* rights.

5          Furthermore, "a federal habeas court may grant the writ if the state court arrives at a

6   conclusion opposite to that reached by [the Supreme Court] on a *question of law*."  *Williams*

7   *v. Taylor*, 529 U.S. 362, 412-413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (emphasis

8   added).  Here, it is evident that the state court applied the incorrect legal standard in

9   evaluating the trial court's failure to provide Petitioner with an interpreter or to seek his views

10   when the jury submitted its question during deliberations.  Specifically, the Washington Court

11   of Appeals noted that although it was an error for the trial court to exclude Petitioner from

12   participating in the discussion of the jury inquiry, or to know what the trial court said in

13   response, the error was harmless because the instructions were not erroneous, and no new

14   information was given to the jury.  (Dkt. #51 at 3-4); (Resp.'s Ex. 7, at 5-6).  As a result, it is

15   clear that the state court incorrectly analyzed the error under a harmless error standard, rather

16   than a violation of Petitioner's *Faretta* rights.

17          Respondent also argues that *Frantz* does not control because it is "Supreme Court

18   precedent, rather than Ninth Circuit precedent, that the State court decision in [Petitioner's]

19   case must be compared to."  (Dkt. #51 at 3).  While unequivocally true that *Frantz* is not a

20   Supreme Court case, *Frantz* relies on Supreme Court precedent in reaching its conclusion.

21   Moreover, the Supreme Court has firmly established the principle that a denial of a

22   defendant's *Faretta* right to represent himself is a structural error.  *See Arizona v. Fulmante*,

23   499 U.S. 279, 310, 111 S.Ct, 1246, 113 L.Ed.2d 302 (1991); *Neder v. United States*, 527

24   U.S. 1, 8, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); *United States v. Gonzales-Lopez*, 548 U.S.

25   140, 126 S.Ct. 2557, 2564, 165 L.Ed.2d 409 (2006).  Consequently, this Court is not only

26   relying on *Frantz* as persuasive authority, but more importantly, this Court relies on the

27   substance underlying the opinion in reaching its own conclusion.

28          Ultimately, given *Faretta* and its progeny, coupled with the facts presented by this

ORDER
PAGE - 5

1   case, this Court finds that Respondent has failed to meet its burden in establishing a

2   "substantial case on the merits."  As such, this Court finds it unnecessary to discuss the

3   remaining three factors in the stay analysis, and finds that the presumption of release as

4   contemplated by Fed. R. App. P. 23(c) controls.  Accordingly, Respondent's motion is

5   DENIED.

6        (2)  The original recommendation made by Judge Donohue that this Court adopted is

7   upheld.  Respondent is directed to release Petitioner within thirty (30) days from the date of

8   this Order, unless the State of Washington commences proceedings to retry him.

9        (3)  The Clerk is directed to forward a copy of this Order to all counsel of record and

10  to Judge Donohue.

11

12       DATED this  4   day of March, 2008.

13

14                                    RICARDO S. MARTINEZ
                                      UNITED STATES DISTRICT JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER
PAGE - 6